# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J M SMITH CORPORATION d/b/a, SMITH DRUG COMPANY, on behalf of itself and all others similarly situated,<br><br>               Plaintiff,<br>    v.<br><br>ASTRAZENECA PHARMACEUTICALS L.P.; ASTRAZENECA L.P.; ASTRAZENECA UK LIMITED;  HANDA PHARMACEUTICALS, LLC; and PAR PHARMACEUTICAL, INC.,<br><br>               Defendants. | Case No. 20-1076-CFC |
| KPH HEALTHCARE SERVICES, INC., a/k/a KINNEY DRUGS, INC., individually and on behalf of itself and all others similarly situated,<br><br>               Plaintiff,<br>    v.<br><br>ASTRAZENECA PHARMACEUTICALS L.P.; ASTRAZENECA L.P.; ASTRAZENECA UK LIMITED;  HANDA PHARMACEUTICALS, LLC; and PAR PHARMACEUTICAL, INC.,<br><br>               Defendants. | Case No. 20-1201-CFC |

**SUR-REPLY IN FURTHER OPPOSITION TO KPH HEALTHCARE SERVICES, INC.'S MOTION FOR APPOINTMENT OF DIANNE M. NAST AS INTERIM LEAD COUNSEL FOR THE DIRECT PURCHASER CLASS**

## I. INTRODUCTION

Currently pending before the Court are counsel for Smith Drug and counsel for KPH Healthcare Services, Inc.'s ("KPH") competing motions concerning the appointment of interim lead counsel for the direct purchaser class.

Direct Purchaser Plaintiff J M Smith Corporation d/b/a Smith Drug Company ("Smith Drug") hereby submits this sur-reply in further support of its Opposition to KPH Healthcare Services, Inc.'s Motion for Appointment of Dianne M. Nast as Interim Lead Counsel for the Direct Purchaser Class (No. 20-1201, D.I. 48) ("KPH Mot.").

## II. ARGUMENT

### A. New Evidence Demonstrates That Counsel for KPH is Engaging in a Pattern of Copying the Work of Counsel for Smith Drug in an Attempt to Secure Lead Counsel Status

Counsel for Smith Drug filed the first antitrust complaint in this litigation. Smith Drug's complaint neither relied on any governmental investigation nor the allegations in any other complaint. Rather, Smith Drug's complaint was researched, drafted and filed as the result of a thorough factual investigation and legal analysis by counsel for Smith Drug. In contrast, KPH's complaint — filed more than six months later — is merely a "copycat" complaint which parrots the same core allegations and claims, virtually word for word. *See generally* No. 20-1201, D.I. 55 (Smith Drug's Opp'n to KPH Mot.).

1

Just after the parties filed their joint status report on October 8, 2020 (*see* No. 20-1076, D.I. 114), counsel for KPH filed another antitrust complaint regarding a different drug product and again copying, virtually word for word, the long-researched complaint of Smith Drug's counsel, and swiftly filed a motion seeking to be appointed lead counsel for the direct purchaser class. *See KPH Healthcare Serv., Inc. v. Abbvie Inc.*, Nos. 20-cv-8754 (D.I. 1) and 20-cv-8756 (D.I. 1) (S.D.N.Y.) (complaints filed Oct. 20, 2020); *id.* at Nos. 20-cv-8754 (D.I. 6) and 20-cv-8756 (D.I. 6) (S.D.N.Y.) (Rule 23(g) motion filed Oct. 20, 2020).[1]

Side-by-side comparisons of Smith Drug's and KPH's complaints in this case and in the *Bystolic* case (annexed hereto to the Van Gorder Declaration as Exhibits 1-3) speak for themselves, and make plain that — apart from some cosmetic word changes[2] — counsel for KPH has engaged in a transparent pattern of waiting while Smith Drug and its counsel undertake the laborious task of detecting and investigating potential antitrust claims and drafting well-researched complaints, and

---

[1] In that case, involving the blood pressure drug Bystolic, Smith Drug had filed the first complaint in the Summer of 2020. *See J M Smith Corp. v. Forest Labs., LLC*, No. 20-4581 (N.D. Cal. filed July 9, 2020); *J M Smith Corp. v. Forest Labs., LLC*, No. 20-5735 (S.D.N.Y. filed July 23, 2020); *J M Smith Corp. v. Watson Pharm. Inc.*, No. 20-7110 (S.D.N.Y. filed Sept. 1, 2020) (complaint against co-conspirators). These cases are pending before Judge Louis Liman.

[2] KPH's additions appear in redline, deletions in blue strikeout and moved text in green (in some instances, KPH's counsel moved text from a paragraph in the Smith Drug complaint to a different paragraph in the KPH complaint).

2

then copying that work and trying to gain control of cases they did not develop.

Courts and commentators alike condemn such conduct as a disservice to class members. The Third Circuit has correctly observed that "copycat complaints do not benefit the class, and are merely entrepreneurial efforts taken by firms attempting to secure lead counsel status." *In re Cendant Corp. Sec. Litig.*, 404 F. 3d 173, 181 (3d Cir. 2005); *see also In re Volkswagen & Audi Warranty Extension Litig.*, 89 F. Supp. 3d 155, 181 (D. Mass. 2015) (copycat complaints "ought be treated by a court with deep skepticism"); Bruce H. Kobayashi & Larry E. Ribstein, *Class Action Lawyers As Lawmakers*, 46 Ariz. L. Rev. 733, 752-53 (2004) (permitting "lawyers to copy complaints would let them free-ride on the considerable investments made by the drafting attorney, thereby reducing the return on investments in producing complaints" and "reduc[ing] the incentive to engage in such activity").

So too, here. Neither in this case nor in *Bystolic* has KPH pointed to *any work* done by its counsel in developing the case. But Rule 23 requires that courts "must consider the work counsel has done in identifying or investigating potential claims in the action." Fed. R. Civ. P. 23(g)(1)(A)(i).

This Court should decline to reward counsel for KPH for copying the work of counsel for Smith Drug. Appointing counsel for KPH as interim lead counsel for the direct purchaser class would disregard Rule 23(g)'s mandated inquiry into the work counsel has done in developing the case, incentivize copycat complaints, and

disincentivize counsel from expending resources to identify, research, and file claims that benefit the direct purchaser class. *See generally In re Foreign Exch. Benchmark Rates Antitrust Litig.*, 2018 U.S. Dist. LEXIS 191373, at *24 (S.D.N.Y. Nov. 8, 2018) ("[I]t is important to encourage top-tier litigators to pursue challenging antitrust cases.") (quotation omitted).

### III.  CONCLUSION

For the foregoing reasons, and those in its prior submissions, Smith Drug respectfully requests that the Court appoint Garwin Gerstein & Fisher LLP as lead counsel for the direct purchaser class. A proposed Order is submitted herewith.

Dated: November 13, 2020

Respectfully submitted:

*/s/ Michael Van Gorder*

Michael Van Gorder (#6214)
Faruqi & Faruqi, LLP
3828 Kennett Pike, Suite 201
Wilmington, DE 19807
Tel: (302) 482-3182
mvangorder@faruqilaw.com

*Local Counsel for Smith Drug Company and the Proposed Direct Purchaser Class*

Bruce E. Gerstein
Joseph Opper
Kimberly Hennings
**GARWIN GERSTEIN & FISHER LLP**

4

<div style="columns:2">

David F. Sorensen
Caitlin G. Coslett
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
dsorensen@bm.net
ccoslett@bm.net

Kristyn Fields (No. KF-4461)
**FARUQI & FARUQI LLP**
685 Third Avenue, Floor 26
New York, NY 10017
Tel: (212) 983-9330
kfields@faruqilaw.com

Susan Segura
David C. Raphael
Erin R. Leger
**SMITH SEGURA RAPHAEL & LEGER LLP**
221 Ansley Blvd
Alexandria, LA 71303
Tel: (318) 445-4480
ssegura@ssrllp.com
draphael@ssrllp.com
eleger@ssrllp.com

88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
bgerstein@garwingerstein.com
jopper@garwingerstein.com
khennings@garwingerstein.com

Peter Kohn
Joseph Lukens
**FARUQI & FARUQI LLP**
1617 JFK Blvd, Suite 1550
Philadelphia, PA 19103
Tel: (215) 277-5770
pkohn@faruqilaw.com
jlukens@faruqilaw.com

Stuart E. Des Roches
Andrew W. Kelly
**ODOM & DES ROCHES LLC**
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
stuart@odrlaw.com
akelly@odrlaw.com

Russell Chorush
**HEIM PAYNE & CHORUSH LLP**
1111 Bagby Street, Suite 2100
Houston, TX 77002
Tel: (713) 221-2000
rchorush@hpcllp.com

</div>