# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litigation<br><br>This Document Relates To:<br>20-cv-1468 | Master Dkt. No. 20-1076-CFC |

## AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION OF
## <u>PLAINTIFF KPH HEALTHCARE SERVICES, INC.</u>

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants in the above-captioned action, by it undersigned counsel, will take the deposition upon oral examination of KPH Healthcare Services, Inc. ("KPH") on July 27, 2023, remotely, pursuant to the ordered protocol for remote depositions in the above-captioned action (D.I. 219).

Pursuant to Rule 30(b)(6), KPH must designate one or more officers, directors, agents, or other person who will testify on its behalf as to all information known or reasonable available to KPH regarding the subject matters listed in Exhibit A. The deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. This deposition is being taken for the purposes of discovery, for use at trial or for such other purposes as are

permitted under the Federal Rules of Civil Procedure without limitation. The testimony at the deposition will be recorded by videographic and stenographic means. You are invited to attend and participate to the extent permitted by the Federal Rules of Civil Procedure.

Dated: June 29, 2023

| OF COUNSEL: | MCCARTER & ENGLISH, LLP |
|---|---|
| John E. Schmidtlein<br>Benjamin M. Greenblum<br>Simon A. Latcovich<br>Elise M. Baumgarten<br>Akhil K. Gola<br>Samuel M. Ford<br>WILLIAMS & CONNOLLY, LLP<br>680 Maine Ave. SW<br>Washington, D.C. 20024<br>(202) 434-5000<br>jschmidtlein@wc.com<br>slatcovich@wc.com<br>bgreenblum@wc.com<br>ebaumgarten@wc.com<br>agola@wc.com<br>sford@wc.com | */s/ Alexandra M. Joyce*<br>Daniel M. Silver (#4758)<br>Alexandra M. Joyce (#6423)<br>Renaissance Centre<br>405 North King Street, 8th Floor<br>Wilmington, DE 19801<br>(302) 984-6300<br>dsilver@mccarter.com<br>ajoyce@mccarter.com<br><br>*Attorneys for Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca UK Limited* |

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1. All terms used in the topics set forth below ("Topics") have the broadest meaning accorded to them under Rule 30(b)(6) of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, and all information should be provided in accordance with these rules.

2. "Action" or "Lawsuit" means the Consolidated Direct Purchaser Actions proceeding under the above-captioned docket number, *In re: Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litigation*, Master Dkt. No. 20-1076-CFC.

3. "Complaint" means the Direct Purchaser Plaintiffs Consolidated Amended Complaint filed on December 16, 2020 in the United States District Court for the District of Delaware (D.I. No. 135).

4. "Plaintiff, "KPH Healthcare Services Inc.," "KPH," "You," and "Your," means, Direct Purchaser Plaintiff KPH Healthcare Services Inc. and any current and former parents, subsidiaries, affiliates, predecessors and successors, employees, managers, officers, directors, partners, members, agents, representatives, attorneys, assignors, or anyone acting with or on behalf of any of the foregoing, as context requires.

5. "Assignor" shall mean and refer to McKesson Corporation and any other entity from whom You received an assignment of claims You are pursuing in this Action. You are instructed to collect from Assignor information responsive to the noticed topics.

6. "Document" or "document" or "Documents" or "documents" shall be construed to have the broadest possible definition under Rule 34 and shall mean documents or electronically stored information ("ESI") stored in any medium from which information can be obtained either directly, or, if necessary, after translation by You into a reasonably useable form.

7. "Communicate" or "Communication" means and includes every manner or means of disclosure, transfer or exchange of information, whether orally or in writing or whether face-to-face, by telephone, telecopy, email, facsimile, or otherwise.

8. "Other Antipsychotics" means those antipsychotics approved by the Food & Drug Administration ("FDA") and marketed within the United States at any time during the Responsive Period, as well as any product approved by FDA and marketed in the United States during the Responsive Period for the treatment of (1) schizophrenia, (2) manic, mixed, or depressive episodes of bipolar disorder, (3) major depressive disorder, or (4) the maintenance treatment of bipolar disorder. For clarity, the foregoing definition includes, but is not limited to, at

least: clozapine, brexpiprazole, lurasidone, zapine, risperidone, olanzapine, quetiapine, ziprasidone, and aripiprazole, including any immediate or extended release versions of these products.

9. "Concerning," "relating to," and "reflecting" each mean relating to, reflecting, concerning, containing, exhibiting, indicating, demonstrating, showing, proving, referring to, describing, evidencing, or constituting.

10. "Including" means including, without limitation.

11. "Seroquel XR" means Seroquel XR® (quetiapine fumarate extended-release tablets), a prescription antipsychotic drug product approved by the FDA in the United States, and any authorized generic thereof.

12. The relevant time period for each of the Topics below is January 1, 2008 to December 31, 2017 unless otherwise states.

13. Whenever necessary to bring within the scope of the Topics information that might otherwise be construed to be outside their scope:

    a. the use of a verb in any tense shall be construed as the use of that verb in all other tenses;

    b. the use of a word in its singular form shall be deemed to include within its use the plural form as well; and

    c. the use of a word in its plural form shall be deemed to include within its use the singular form as well.

## TOPICS FOR TESTIMONY

1. Your and Assignor's knowledge of the allegations and any factual information supporting, underlying or related to the allegations set forth in the Complaint in this Action and the bases therefor, including Your and Assignor's pre-complaint investigation of facts supporting Your allegations.

2. The terms of any agreement You have with Assignor under which You allege Assignor assigned its rights in this Action to You.

3. Your ability to serve as a class representative in this Action, including Your decision to participate as a putative representative; Your financial ability to sustain litigation on behalf of the class; and the financial arrangements with counsel or any other entity in connection with this Action, including all payments or compensation you have received or expect to receive as a result of Your participation in this Action.

4. Your and Assignor's purchases and sales of Seroquel XR or generic Seroquel XR, including the identity of the counterparties; how the price paid was determined; the discounts, rebates, credits, promotions, reimbursements or other adjustments You and Assignor offered or received; and the contracts, agreements, or other arrangements related to such purchases and sales; and Your method for identifying which purchases from Assignor have been assigned to You in this Action.

5. Your and Assignor's relationship with any Group Purchasing Organization ("GPO") that has any involvement with Your purchases of branded or generic Seroquel XR, including the identity of the GPO(s); the extent to which any aspect of Your and Assignor's purchases of Seroquel XR are set, negotiated, or influenced by the GPO(s); the terms of any agreement between You or Assignor and any GPO; and any compensation exchanged between You or Assignor and the GPO(s).

6. Your and Assignor's knowledge and monitoring of launch timing, pricing, or availability of Other Antipsychotics, including generics and authorized generics thereof.

7. The entry of generic Seroquel XR, including the actual or projected effect of such entry upon Your and Assignor's prices, margins, costs, losses, and profits; any communications regarding such entry; any tracking of or analyses regarding such entry, including the anticipated timing thereof; the effect of such entry on the quantity of Other Antipsychotics sold to Your and Assignor's customers.

8. Your and Assignor's communications with manufacturers of Seroquel XR and generic Seroquel XR.

9.      Your and Assignor's policies, practices, or contractual requirements relating to the purchase or sale of brand name pharmaceutical products when generic alternatives become available.

10.     Your and Assignor's purchase data produced in this Action, including but not limited to, the source of the data, the meaning of each data field, and the calculation(s) used to populate each field.