

**Daniel M. Silver**
Wilmington Office Managing Partner
T. 302-984-6331
F. 302-691-1260
dsilver@mccarter.com

McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717
www.mccarter.com

September 28, 2023

**VIA CM/ECF AND HAND-DELIVERY**
The Honorable Colm F. Connolly
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31, Room 4124
Wilmington, DE 19801-3555

Re: *In re: Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litigation*, C.A. No. 20-1076-CFC (Consolidated)

Dear Chief Judge Connolly,

    We write on behalf of the AstraZeneca and Handa Defendants in connection with Plaintiffs' Motions for Class Certification (D.I. 511-515) (the "Motions") to respectfully request guidance from the Court regarding Plaintiffs' Motions.

    Plaintiffs have submitted thousands of pages in connection with their Motions, and in doing so, have saddled the Defendants (and the Court) with hundreds upon hundreds of unnecessary pages of exhibits that are not cited or substantively relied upon by Plaintiffs in their Motions. A few examples:

- The Direct Purchaser Plaintiffs cite to 8 pages of the Brian Dell Deposition, but attach 311 pages of the transcript, in addition to the 44-page word index and errata (cited at D.I. 511 at 6-8 *and* attached at D.I. 513, Ex. 10);
- The Direct Purchaser Plaintiffs cite to 14 pages of the Matthew Diggons Deposition, but attach 226 pages of the transcript, in addition to the 32-page word index and errata (cited at D.I. 511 at 6 n.18 *and* attached at D.I. 513, Ex. 13);
- The Direct Purchaser Plaintiffs cite to 2 pages of the Fang-Yu ("Bill") Liu Deposition, but include 261 pages of the transcript, in addition to the 38-page word index and errata (cited at D.I. 511 at 4 n.9 *and* attached at D.I. 513, Ex. 9); and

- The End Payor Plaintiffs mention in passing – without a single pinpoint cite anywhere in their briefing – the Leffler, Belvis, Marchetti, Clark and DeLeon Expert Reports, and attach 466 pages (mentioned at D.I. 512 at 15-16 n.16 *and* attached at D.I. 514, Exs. 20, 21, 22, 23, 24).

Defendants have requested that Plaintiffs withdraw their over-stuffed submissions and re-file with appropriate excerpting and highlighting, in accordance with Your Honor's preferences. In that regard, Defendants brought to Plaintiffs' attention Paragraph 4 of the Scheduling Order requiring pinpoint citations, as well as Paragraph 10 of the Scheduling Order encouraging appropriate excerpting.

Defendants also met and conferred with Plaintiffs. Plaintiffs' collective response is that (1) the Court's directives on excerpting are "preferences" that Plaintiffs are not required to follow, and (2) Plaintiffs are entitled to include uncited materials to make a "full record" for the Court and for appeal, and therefore Plaintiffs decline to excerpt their exhibits, but will provide highlighted versions for the Court's convenience. Plaintiffs' approach imposes an undue burden on Defendants to review and redact hundreds upon hundreds of pages of materials that are not cited and never should have been docketed in the first place.[1] (It also burdens the Court by burying the actual cited evidence in a mountain of irrelevant paper).

Plaintiffs' proposed solutions are that documents be redacted in their entirety, or alternatively, that Defendants can have a further extension of time to prepare redactions. The latter does nothing to alleviate the substantial time and cost that will be incurred by redacting materials that never should have been filed in the first place, and the former ignores this Court's strong presumption of public access and the expectation that redactions be thoughtfully and sparingly applied.

In view of the foregoing, Defendants respectfully request either: (1) an order from the Court striking Plaintiffs' Motions and instructing Plaintiffs to refile their Motions with excerpted exhibits; or (2) guidance from the Court permitting

---

[1] During the conferral process, Plaintiffs argued that there is no burden because many documents were reviewed by Defendants before they were produced in discovery. This is incorrect. That Defendants reviewed certain documents for production is of no consequence here because they were not reviewed under the lens of redacting each line of confidential information, disclosure of which would harm Defendants (and non-parties).

Defendants to redact entire pages of exhibits that are not cited or specifically relied upon by Plaintiffs, while still requiring Defendants to thoughtfully and sparingly redact the cited materials which would have been submitted has Plaintiffs properly excerpted their exhibits.[2]

We apologize for burdening the Court with this, but felt it appropriate to raise now, before Defendants endure the substantial burden of redacting hundreds of pages of improperly and unnecessarily filed materials (and before the Court has to sift through hundreds and hundreds of pages of unnecessary materials).

Counsel are available at the Court's request.

Respectfully submitted,

/s/ *Daniel M. Silver*

Daniel M. Silver (#4758)


cc: Counsel of Record (via CM/ECF and E-Mail)

---

[2] For example, Defendants would prepare line-by-line redactions to the Deposition of Brian Dell for the 8 pages actually cited by Plaintiffs, but redact in the entirety the remainder of the Dell Deposition's 123 pages.

## **WORD COUNT CERTIFICATION**

This filing complies with the type-volume limitation of this Court's Scheduling Order and Standing Order Regarding Briefing For All Cases where Infringement is Alleged, and Court's Standing Order Regarding Briefing In All Cases. This letter was prepared in 14-point Times New Roman font and contains 721 words, excluding the letterhead, address, subject line, salutation, and signature), which were counted by Daniel M. Silver using the word count feature in Microsoft Word.

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)

ME1 46178718v.1