

**Carmella P. Keener**
**Director**
**302.984.3816**
ckeener@coochtaylor.com

September 29, 2023

**VIA CM/ECF and HAND DELIVERY**

Honorable Colm F. Connolly, Chief Judge
District of Delaware
844 North King Street, Room 4209, Unit 18
Wilmington, DE 19801

      **Re:**   *In re: Seroquel XR (Extended Release Quetiapine Fumarate)*
             *Antitrust Litigation,* **C.A. No. 20-1076-CFC (Consolidated)**

Dear Chief Judge Connolly:

      DPPs and EPPs (together, "Plaintiffs") respond to Defendants' September 28 letter motion. [D.I. 523]. As a threshold matter, Defendants have violated Local Rule 7.1.2, which requires that all requests for relief be presented by motion. L. Civ. R. 7.1.2. Defendants request that the Court strike Plaintiffs' submissions, relief that is unwarranted and should be denied, but should have been presented by motion regardless. Nor did Defendants meet and confer about a motion to strike – representing only that they would seek "guidance." Defendants' procedurally deficient letter motion should be denied.

      Defendants' letter motion should also be denied on the merits. Defendants complain about the purported burden associated with reviewing and redacting exhibits submitted in support of Plaintiffs' Motions for Class Certification ("Motions"). Other than Plaintiffs' expert reports, the vast majority of Plaintiffs' exhibits are documents that were previously produced by Defendants, or transcripts of depositions of Defendant employees. Defendants should have reviewed these

Hon. Colm F. Connolly, Chief Judge
September 29, 2023
Page 2

materials when designating them as confidential in the first place. Plaintiffs' Motions impose no additional burden.[1]

Defendants should have *already* reviewed deposition transcripts for purposes of designating portions of them confidential. D.I. 242 ¶ 9. Defendants mostly designated entire transcripts confidential and now apparently worry that their sweeping designations are inconsistent with the Court's admonition that "corporate parties over-designate discovery as confidential," and thus fail to "comply with the Court's rules, common law, and the Constitution." *Genentech, Inc. v. Amgen Inc.*, No. 17-1407- CFC, 2020 U.S. Dist. LEXIS 54775, at *11 (D. Del. Mar. 30, 2020). Defendants may not complain that they are burdened by an obligation they should have discharged months ago.

The limited inconvenience to Defendants[2] is far outweighed by the substantial prejudice to Plaintiffs from being forced to withdraw relevant material that may provide the Court with context and aid this Court, and/or the Court of Appeals, in considering Plaintiffs' Motions. Plaintiffs bear the burden of satisfying Rule 23. The expert reports[3], witness testimony and documentary evidence that Plaintiffs submitted in support of their Motions may aid the Court's understanding of why issues common to the classes predominate, and why Plaintiffs otherwise have met their burden.[4]

Plaintiffs cannot know, now, what portions of exhibits may aid this Court, or the Third Circuit, in deciding class certification. We do not know what arguments Defendants may raise in their brief, during argument, or in a Rule 23(f) petition or appeal should this Court grant class certification. Plaintiffs must be able to draw on the full record in rebutting Defendants' arguments and in showing why

---

[1] Plaintiffs stipulated to and the Court granted a two-week extension on redactions. D.I. 522.
[2] Plaintiffs do not agree that Defendants can redact entire documents just because they wish they were not part of the record.
[3] DPPs and EPPs attach mostly the same reports.
[4] DPPs have submitted just 64 exhibits in support of their Motion. Those exhibits are the expert reports that support DPPs' motion, and the documents and depositions cited by those experts and other record evidence cited by Plaintiffs. Plaintiffs have included documents cited by experts in the cited paragraphs to provide the Court with as complete a record as possible.

Hon. Colm F. Connolly, Chief Judge
September 29, 2023
Page 3

Plaintiffs' Motions should be granted. Accordingly, while Plaintiffs will highlight their exhibits[5] where appropriate to assist the Court in identifying the portions of the documents cited in the class certification memoranda or by Plaintiffs' experts, the Court (and the Third Circuit) will benefit from having the full documents—especially the full expert reports—available. *See, e.g.*, *Kelly v. Superintendent Graterford SCI*, 719 F. App'x 153, 158 n.4 (3d Cir. 2017) ("[W]e can resolve this case on appeal on the basis of any ground suggested by the record.").[6] Curtailing the class certification record as Defendants have requested serves no purpose other than to prejudice Plaintiffs.

     Defendants' insinuation that Plaintiffs violated the Scheduling Order is wrong. That Order "encourage[s]" filing of exhibit excerpts but does not prohibit filing complete exhibits. D.I. 214 at 7. What's more, the Order expressly contemplates the submission of full deposition transcripts, with indexes. *Id.* at 11-12 (discussing "Case Dispositive Motions"). Plaintiffs have submitted complete exhibits to ensure as complete a record as possible for the Court's decision and on appeal.

---

[5] Plaintiffs have already highlighted the deposition transcripts and will highlight the remainder today.

[6] *See also United States v. Green*, 897 F.3d 173, 178 (3d Cir. 2018) (explaining that the Third Circuit "may affirm on any ground supported by the record") (citation omitted).

Hon. Colm F. Connolly, Chief Judge
September 29, 2023
Page 4

    For the foregoing reasons, Defendants' letter motion should be denied.

                      Respectfully submitted,

                      COOCH AND TAYLOR, P.A.

                      */s/ Carmella P. Keener*
                      Carmella P. Keener (DE Bar #2810)
                      The Brandywine Building
                      1000 N. West Street, Suite 1500
                      P.O. Box 1680
                      Wilmington, DE 19899-1680
                      (302) 984-3816
                      ckeener@coochtaylor.com

                      *Local Counsel for Smith Drug Company and the Direct Purchaser Class*

                      And on behalf of:

                      GRANT & EISENHOFER, P.A.
                      Jason Avellino (#5821)
                      Michael J. Barry (#4368)
                      123 Justison St., 7th Floor
                      Wilmington, DE 19801
                      Tel: (302) 622-7000
                      Facsimile: (302) 622-7100
                      mbarry@gelaw.com
                      javellino@gelaw.com

                      *Local Counsel for the Proposed End-Payor Class*

cc:  All Counsel of Record (via CM/ECF)

## WORD COUNT CERTIFICATION

The undersigned counsel hereby certifies that the foregoing letter was prepared in 14-point Times New Roman font, and contains 747 words (excluding the date, address, caption, salutation, signature blocks and reference to copy recipients), which were counted by Microsoft Word 365 using Microsoft Word's word count tool.

September 29, 2023                                COOCH AND TAYLOR, P.A.

                                                      */s/ Carmella P. Keener*
                                             Carmella P. Keener, Esquire
                                             The Brandywine Building
                                             1007 N. West Street, Suite 1500
                                             P.O. Box 1680
                                             Wilmington, DE 19899-1680
                                             (302) 984-3816
                                             ckeener@coochtaylor.com