# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig. | Master Dkt. No. 20-1076-CFC |
| This Document Relates To:<br><br>All End-Payor Class Actions | |

**[PROPOSED] ORDER GRANTING FINAL JUDGMENT AND DISMISSAL**

WHEREAS, the Court, having reviewed and carefully considered all filed submissions relating to End-Payor Plaintiffs'[1] proposed Class Settlement of this Action as to Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca UK Limited (collectively, "AstraZeneca"), and proposed Class Settlement with Handa Pharmaceuticals, LLC ("Handa," and together with AstraZeneca, "Defendants");

WHEREAS, on December 9, 2024, the Court issued an Order Granting Preliminary Approval of the Settlements that preliminarily approved of the Class Settlements dated September 18 and 19, 2024 ("Settlement Agreements"); provisionally certified, for settlement purposes only, the proposed Settlement Class

---

[1] End-Payor Plaintiffs include Fraternal Order of Police, Miami Lodge 20, Insurance Trust Fund; Law Enforcement Health Benefits, Inc.; The Mayor and City Council of Baltimore; Welfare Plan of the International Union of Operating Engineers Locals 137, 137A, 137B, 137C, and 137R; and The Uniformed Firefighters' Association of Greater New York Security Benefit Fund and The Retired Firefighters' Security Benefit Fund of the Uniformed Firefighters' Association (collectively, the "EPPs" or "End-Payor Plaintiffs").

1

pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); preliminarily appointed the Settlement Class Representatives, Co-Lead Class Counsel for the Settlement Class, and the Settlement Claims Administrator; approved the form and content of the Settlement Class Notices and Claim Form; and approved and directed the dissemination of the Settlement Class Notices and Claim Form pursuant to the approved Notice Plan as the best notice practicable under the circumstances and comporting in all respects with Fed. R. Civ. P. 23(e) and due process, D.I. 817; and,

WHEREAS, on April 24, 2025, this Court held a hearing on End-Payor Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlements and Other Relief (the "Final Approval Motion"), and having carefully considered all the submissions, arguments, and applicable law, and with due deliberation thereon,

NOW, this Court hereby finds, determines, and orders as follows:

1. This Order and Judgment hereby incorporates by reference the definitions in the Settlement Agreements among End-Payor Plaintiffs and Defendants, D.I. 766-1, 766-2, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth therein.

2. The Court hereby certifies, for settlement purposes only, the proposed Settlement Class set forth in the Settlement Agreements and in the Preliminary Approval Order, D.I. 817 ¶¶ 4-5. Specifically, the Court certifies for settlement purposes only the following Settlement Class:

> All entities that, for consumption by their members, employees, insureds, participants, or beneficiaries, purchased, paid, and/or provided reimbursement for some or all of the purchase price of Seroquel XR or quetiapine fumarate ER 50 mg, 150 mg, 200 mg, and/or 300 mg tablets, other than for resale, in the Class States,[2] at any time from September 5, 2015, through and until December 9, 2024.

The following entities are excluded from the Class: (a) Defendants and their subsidiaries and affiliates; and (b) federal and state governmental entities.

3. The Court finds that, for the purposes of Settlement, the applicable prerequisites for certification of the proposed Settlement Class under Fed. R. Civ. P. 23(a) and 23(b)(3) are fully satisfied, namely: the Settlement Class is so numerous that joinder of all members is not practicable; questions of law and fact are common to the Settlement Class; the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; the Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class; questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and

---

[2] The Class States are: Arizona, Arkansas, California, the District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Maryland, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin.

efficiently adjudicating this controversy. The Court further determines that the Settlement Class is ascertainable under the standards established by the Third Circuit. In addition, because this Action is being settled rather than litigated to conclusion, the Court need not consider manageability issues that might be presented by a trial of this Action. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

4. The Court previously preliminarily appointed the Settlement Class Representatives. The Court also previously preliminarily appointed Grant & Eisenhofer P.A., Cohen Milstein Sellers & Toll PLLC, and Miller Shah LLP as Co-Lead Counsel for the Settlement Class ("Co-Lead Counsel").

5. The Settlement Class Representatives and Co-Lead Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class and have satisfied the requirements of Fed. R. Civ. P. 23(g). The Court thus hereby grants final appointment of the Settlement Class Representatives and Co-Lead Counsel.

6. The Court has jurisdiction over this Action, each of the Parties, and all Class Members for all manifestations of this case, including these Settlements.

7. The Settlements Class Notices, substantially in the forms presented to this Court in the Notice Plan contained in Exhibit 7 to the Declaration of Robert G. Eisler in Support of End-Payor Plaintiffs' Unopposed Motion for Preliminary

Approval of Class Action Settlements and Other Relief (the "Notices"), D.I. 766-7, that were directed to Settlement Class Members constituted the best notice practicable under the circumstances and was timely and properly disseminated and effectuated. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Notices provided Settlement Class Members due and adequate notice of the Settlements, the Settlement Agreements, these proceedings, the rights of Settlement Class Members to object to the Settlements, and the rights of Settlement Class Members to opt out of the Settlements, and satisfied all requirements of Rule 23 and due process.

8. The Court finds that, in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, Defendants properly and timely caused to be mailed a copy of the proposed Settlements and all other documents required by law to the Attorney General of the United States and the Attorneys General of each State and the District of Columbia where class members reside. No Attorney General has filed any objection to, or voiced any concern over, the Class Settlements or any of its terms and provisions.

9. The Court finds that no objections to the proposed Settlements have been made.

10. The Court finds that no potential Settlement Class Member requests exclusion from either Settlement.

5

11. Due and adequate notice of the proceedings having been given to Class Members and a full opportunity to participate in the April 24, 2025 Fairness Hearing having been offered to the Settlement Class Members, it is hereby determined that all Settlement Class Members are bound by this Order and Judgment and by all terms and conditions of the Settlements, including but not limited to the Releases and Covenants Not to Sue contained therein. EPPs and each and every Settlement Class Member shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, completely, and forever released and discharged all Released Parties from all Released Claims as set forth in the Settlement Agreements.

12. The Settlements of this Action were not the product of collusion between the End-Payor Plaintiffs and Defendants or their respective counsel but rather were the result of arm's-length negotiations conducted in good faith between Co-Lead Counsel and counsel for Defendants.

13. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlements, finding that the Settlements, in all respects, are fair, reasonable, and adequate to Class Members and in their best interests. The Settlements satisfy all requirements of Rule 23 and applicable law and shall be consummated in accordance with the terms and provisions of the Settlement Agreements.

14. The Court hereby approves the Plan of Allocation of the Settlement Fund as proposed by Co-Lead Counsel (the "Plan of Allocation"), which was summarized in the Memorandum of Law in Support of End-Payor Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlements and Other Relief, D.I. 765 at 25-26; *see also* D.I. 766-9 (Plan of Allocation), and directs Epiq Class Action and Claims Solutions, Inc.—the firm previously appointed by the Court as the Settlement Claims Administrator—to distribute the Net Settlement Fund as provided in the Plan of Allocation.

15. All claims brought by End-Payor Plaintiffs against Defendants in *In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig.*, No. 20-cv-01076-CFC (D. Del.), are hereby dismissed with prejudice and without costs as to Defendants or End-Payor Plaintiffs.

16. The Court retains exclusive jurisdiction over the Settlements and the Settlement Agreements, including the administration and consummation of the Settlements and over this Final Judgment and Order.

17. The Court finds that this Final Judgment and Order adjudicates all of the claims, rights, and liabilities of the parties to the Settlement Agreements (including the Settlement Class Members) and is final and shall be immediately appealable.

_____        _____
DATE                                The Honorable Colm F. Connolly
                                    Chief Judge, United States District Court